UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re

HAMPTON TRANSPORTATION
VENTURES, INC., d/b/a HAMPTON
LUXURY LINER

                              Debtor.
--------------------------------------------------------X

Chapter 11
Case No.


**AFFIDAVIT PURSUANT TO**
**TO LOCAL RULE 1007-4**


STATE OF NEW YORK)
                              SS.:
COUNTY OF SUFFOLK )

   WILLIAM SCHOOLMAN, being duly sworn, deposes and says:

   1)  I am the sole shareholder of HAMPTON TRANSPORTATION

VENTURES, INC., d/b/a HAMPTON LUXURY LINER, the Debtor and Debtor- In- Possession

in this chapter 11 bankruptcy case (the "Debtor"), and I make this affidavit in compliance with

the obligations of a Debtor-in-Possession pursuant to Local Bankruptcy Rule 1007-4.

   2.  This case was commenced by the filing of a voluntary petition with this Court for

relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. Section 101-et seq., on

September 8, 2015 (the "Filing Date").  The Debtor is not a small business within the meaning of

Bankruptcy Code Section 101(51D).

   3.  The Debtor is a New York corporation with its corporate office located at 1600

Locust Ave, Bohemia, New York.

   4.  The Debtor offers first class motor coach charter service in the tri state area.

   5.  The Debtor's financial difficulties are a result of cash flow problems precipitated

by Hurricane Sandy, following which it lost in excess of $1.5 million in damages and lost

revenues. As a result, the Debtor was forced to default on its equipment loans. While one lender has given the Debtor a series of forbearance agreements, the last is set to expire at or about the end of this year. In addition, the forbearing lender, ACM Capital ("ACM") required the Debtor to refinance its other loan and to use a restructuring specialist approved by it to facilitate same as a condition of forbearance. The Debtor was thus forced to use that restructuring "specialist", which failed to obtain a replacement lender. As a result, with a forbearance deadline approaching, the Debtor was forced to accept a loan from Big Shoulders Capital, a hard money lender, at an interest rate which, when including various fees and costs, may exceed the criminal usury rate of 25 percent. Debtor believes that this was orchestrated by ACM in an attempt to take control of the Debtor, its affiliates, and their assets.

6.    Therefore, the Debtor was left with no choice but to file the instant Chapter 11 case to afford it the opportunity to restructure its debt in such a way that it may pay its creditors and continue to operate its business as a going concern.

7.    This case was commenced as a Chapter 11 case, and as such there has been no trustee or creditors' committee appointed in this case.

8.    A list of the Debtor's twenty largest unsecured creditors is annexed hereto at Exhibit "A".

9.    A list of the Debtor's five largest secured creditors is annexed hereto at Exhibit "B".

10.    The Debtor's assets consist of a fleet of passenger motor coaches, intercompany receivables from affiliated corporations and the debtors bank account.

11.    The Debtor's liabilities consist of the following:

- secured debt in the aggregate sum of $4,534,354.00;
- general unsecured debt in the aggregate sum of $289,094.41.

12.     None of the shares in the Debtor are publically traded.

13.     None of the Debtor's property is in the possession or custody of any third party.

14.     The Debtor's assets are located at 1600 Locust Avenue, Bohemia, New York

15.     Debtor's books and records are maintained in part at the Debtor's principal offices and in part at the office of the Debtor's accountant Cerini & Associates. The Debtor does not have any assets outside the territorial United States.

16.     The Debtor is managed by its president and sole shareholder, William Schoolman. Mr. Schoolman handles all of the management duties, and has had several years of experience in motor coach charter services.

17.     The Debtor has 0 employees, and as such, there is an estimated amount of 0 needed for weekly payroll for the 30-day period following the filing of the Chapter 11 petition.

18.     During the 30-day period following the filing of the Chapter 11 petition, the Debtor plans to pay its officers and directors approximately $0.00 per week.

19.     During the thirty (30) day period immediately following the filing of this case it is anticipated that the Debtor will have $110,000.00 in receipts and will be required to disburse approximately $100,000.00 to continue operations.

20.     As stated above, the Debtor's main objective in its chapter 11 case is obtain the "breathing room" necessary to allow it to confirm a chapter 11 plan and the payment to the Debtor's creditors in accordance therewith. The Debtor believes that it will be able to successfully meet its objective and successfully emerge from Chapter 11 pursuant to a successful plan of reorganization.

_____/s/ William Schoolman_____
WILLIAM SCHOOLMAN

Sworn to before me this
8th day of September, 2015

/s/ Michael G. Mc Auliffe
Notary Public

3

EXHIBIT "A"

B4 (Official Form 4) (12/07)

**United States Bankruptcy Court**
**Eastern District of New York**

IN RE:                                                                    Case No. _____

Hampton Transportation Ventures, Inc.                                    Chapter **11**
_____
                    Debtor(s)

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [or chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| (1)<br>Name of creditor and complete mailing address including zip code | (2)<br>Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | (3)<br>Nature of claim (trade debt, bank loan, government contract, etc.) | (4)<br>Indicate if claim is contingent, unliquidated, disputed or subject to setoff | (5)<br>Amount of claim (if secured also state value of security) |
|---|---|---|---|---|
| Small Business Administration<br>409 3rd St, SW<br>Washington, DC 20416 | | | | 315,993.00 |
| KCP Advisory Group<br>C/O Levenfeld Pearlstein, LLC.<br>2 North LaSalle Street, Suite 1300<br>Chicago, IL 60602 | | | Contingent<br>Unliquidated<br>Disputed | 136,337.07 |
| National Interstate Insurance Company<br>3250 Interstate Drive<br>Richfield, OH 44286 | | | | 53,000.00 |
| Huntington Brake & Equipment<br>179 Herricks Road<br>Garden City Park, NY 11040 | | | | 17,395.27 |
| NIC Holding Corp.<br>25 Melville Park Road<br>Melville, NY 11747 | | | | 13,053.47 |
| The Hudson Group<br>360 Merrimack Street, Bldg 9, 2nd Floor<br>Lawrence, MA 01843 | | | | 11,430.30 |
| Bank of America<br>PO Box 15796<br>Wilmington, DE 19886 | | | | 11,298.43 |
| Bridgestone/Firestone<br>70249 Netwrok Place<br>Chicago, IL 60673-0249 | | | Disputed | 10,228.80 |
| Camerota Truck Parts<br>245 Shaker Road, PO Box 1134<br>Enfield, CT 06083 | | | Disputed | 8,977.90 |
| CXT Heavy Collision & Recovery, Inc.<br>99 Beaverdam Road<br>Bellport, NY 11713 | | | Disputed | 2,980.00 |
| Verizon<br>PO Box 408<br>Newark, NJ 07101 | | | | 2,606.95 |
| Acme Auto Radiator & Glass<br>49 Carleton Ave<br>Islip Terrace, NY 11752 | | | | 2,180.35 |
| Metro Lube<br>229 Arlington Ave<br>Staten Island, NY 10303 | | | | 1,560.89 |

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

American Agip Co, Inc.
Westbury Branch
Po Box 7247-6989
Philadelphia, PA  19170-6989

Disputed    1,391.70

The Parts Authority
1385 Lakeland Ave
Bohemia, NY  11716

1,053.41

Sailon Auto Electric
106 Underhill Blvd
Syosset, NY  11791

1,025.19

Curved Glass Distributors
72 Chapel St
Derby, CT  06418

1,015.20

Brunos Automotive
945 Middle Country Rd
St James, NY  11780

931.26

Coach Maintenance Services Inc.
6 Oscar Street
Bayshore, NY  11706

861.00

Translite Enterprises, Inc.
107 Trumbull Street, K Building
Elizabeth, NJ  07206

771.90

**DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP**

I, [the president *or* other officer *or* an authorized agent of the corporation][*or* a member *or* an authorized agent of the partnership] named as the debtor in this case, declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my information and belief.

Date:  **September  8, 2015**          Signature: _____

**William Schoolman, CEO**

(Print Name and Title)

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

EXHIBIT "B"

LIST OF CREDITORS HOLDING FIVE LARGEST
SECURED CLAIMS OF HAMPTON TRANSPORTATION VENTURES, INC., d/b/a
HAMPTON LUXURY LINER,  CHAPTER 11 DEBTOR

| Name and Address of Creditor | Nature of Lien | Value of Collateral | Amount of Claim |
|---|---|---|---|
| **ACM Riverhead V, LLC.**<br>**780 Third Ave, 27th Floor**<br>**New York, NY 10017** | security agreement | unknown | $1,264,620.00<br><br>disputed by debtor |
| **Big Shoulders Capital, LLC.**<br>**105 Revere Drive, Suite D**<br>**Northbrook, IL 60062** | security agreement | unknown | $1,200,000.00<br><br>disputed by debtor |
| **Big Shoulders Capital, LLC.**<br>**105 Revere Drive, Suite D**<br>**Northbrook, IL 60062** | security agreement | unknown | $1,100,000.00<br><br>disputed by debtor |
| **ACM Riverhead V, LLC.**<br>**780 Third Ave, 27th Floor**<br>**New York, NY 10017** | security agreement | unknown | $773,165.00<br><br>disputed by debtor |
| **ACM Riverhead V, LLC.**<br>**780 Third Ave, 27th Floor**<br>**New York, NY 10017** | security agreement | unknown | $196,569.00<br><br>disputed by debtor |