Allan B. Mendelsohn, as Chapter 11 Operating Trustee
38 New Street
Huntington, New York 11743
Telephone: (631) 923-1625

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| HAMPTON TRANSPORTATION VENTURES, INC., *dba* HAMPTON LUXURY LINER, SCHOOLMAN TRANSPORTATION SYSTEM, INC., *aka* CLASSIC COACH, and 1600 LOCUST AVENUE ASSOCIATES, LLC, | Case Nos. 15-73837 (AST) 16-71172 (AST) 16-71189 (AST) |
| | Jointly Administered |
| Debtors. | |

---------------------------------------------------------------------------x

## APPLICATION TO EMPLOY LAMONICA HERBST & MANISCALCO, LLP AS COUNSEL TO THE CHAPTER 11 OPERATING TRUSTEE

The application (the "Application") of Allan B. Mendelsohn, the Chapter 11 operating trustee (the "Trustee") of the estates of Hampton Transportation Ventures, Inc., dba Hampton Luxury Liner ("Hampton"), Schoolman Transportation System, Inc., aka Classic Coach ("Schoolman"), and 1600 Locust Avenue Associates, LLC ("Locust") (collectively the "Debtors"), seeking the entry of an Order approving the employment of LaMonica Herbst & Maniscalco, LLP ("LH&M") as his counsel effective as of May 12, 2016 (as interim and permanent Trustee), and respectfully represents and alleges:

### BACKGROUND

1.      On September 8, 2015, Hampton filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York (the "Court").

2.      On March 18, 2016, Schoolman filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the Court.

1

3. On March 21, 2016, Locust filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the Court.

4. By Order dated May 2, 2016, the Court entered an Order authorizing the joint administration of the Debtors' cases.

5. On May 11, 2016, the Court entered an Order Approving the United States Trustee's Appointment of Chapter 11 Trustee by which Allan B. Mendelsohn was appointed as the Chapter 11 Operating Trustee of the Debtors' jointly administered cases.

## RELIEF REQUESTED

6. The Trustee has determined that it is necessary to employ LH&M as his counsel in these proceedings in order to assist him with: (a) the orderly administration of these estates; (b) file such motions that may be necessary; (c) the Trustee's obligations concerning the daily operations of the Debtors; (d) the potential sale of Debtors' real property and assets; (e) the pending litigations in which the Debtor(s) are a party; and (f) the formulation of a plan of reorganization of the estates for the benefit of the creditors of these estates. The Trustee will also require LH&M to assist in the preparation and filing of a plan of liquidation pursuant to Bankruptcy Code, as well as other motions and legal documents that may be required to confirm the plan of liquidation, and to perform any other legal services for the Trustee in connection with his statutory powers and duties.

7. Accordingly, the Trustee requests that LH&M be retained as counsel for the Trustee and these estates. The Trustee represents that LH&M is well-qualified to act as his counsel in these cases.

8. By this Application, the Trustee seeks to employ LH&M as his counsel in this case effective as of May 12, 2016. In support of this Application, the Trustee submits the annexed affidavit of Salvatore LaMonica, Esq., a member of LH&M (the "Affidavit").

9. The Trustee believes that it is necessary to employ LH&M as his counsel in this case. The Trustee, who is not a member of LH&M, believes that LH&M is well qualified to act as his counsel and to represent him as the Trustee in this case.

10. The Trustee seeks to retain LH&M on an hourly basis. As set forth in the Affidavit in support of this Application, LH&M's current hourly rates are as follows: (a) up to one hundred and seventy five dollars ($175.00) for para-professionals; (b) up to four hundred and fifteen dollars ($415.00) for associates; and (c) up to five hundred and ninety-five dollars ($595.00) for partners.

11. As further set forth in the Affidavit, LH&M will apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Eastern District of New York and Orders of the Court.

12. To the best of the Trustee's knowledge and except as set forth in the Affidavit, LH&M has no other connections with any interested party in this case.

13. To the best of the Trustee's knowledge and except as set forth herein, LH&M is a "disinterested person" as that term is defined in Bankruptcy Code § 101(14) in that LH&M : (a) is not a creditor, an equity security holder, or an insider of the Debtors; (b) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtors; and (c) does not have an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

14. The Trustee seeks to retain LH&M effective as of May 12, 2016, which is the date that LH&M began providing services to the Trustee in his capacity as the representative of the Debtors' estates.

15. No prior application for the relief sought herein has been previously made to this or any other court.

**WHEREFORE**, the Trustee respectfully requests entry of the Order authorizing the retention of LaMonica Herbst & Maniscalco, LLP as counsel to the Trustee, effective as of May 12, 2016.

Dated: Huntington, New York
      May 16, 2016

                                  *s/ Allan B. Mendelsohn*
                                  Allan B. Mendelsohn, as Chapter 11
                                  Operating Trustee
                                  38 New Street
                                  Huntington, New York 11743
                                  Telephone: (631) 923-1625

**LaMONICA HERBST & MANISCALCO, LLP**
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Salvatore LaMonica, Esq.
Rachel P. Stoian, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
In re:                                                                              Chapter 11

HAMPTON TRANSPORTATION VENTURES, INC.,             Case Nos. 15-73837 (AST)
*dba* HAMPTON LUXURY LINER, SCHOOLMAN                                16-71172 (AST)
TRANSPORTATION SYSTEM, INC., *aka* CLASSIC                           16-71189 (AST)
COACH, and 1600 LOCUST AVENUE ASSOCIATES,
LLC,                                                                                Jointly Administered

                            Debtors.
---------------------------------------------------------------------x

## AFFIDAVIT IN SUPPORT OF APPLICATION APPROVING EMPLOYMENT OF LAMONICA HERBST & MANISCALCO, LLP AS COUNSEL TO THE CHAPTER 11 OPERATING TRUSTEE

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NASSAU     )

SALVATORE LAMONICA, ESQ., being duly sworn, deposes and says:

1.     I am a member of the firm of LaMonica Herbst & Maniscalco, LLP ("LH&M"), which maintains its offices at 3305 Jerusalem Avenue, Wantagh, New York 11793. I am duly admitted to practice law before this Court and the courts of the State of New York.

2.     This affidavit is submitted in support of the application of Allan B. Mendelsohn, the Chapter 11 Operating Trustee (the "Trustee") of the estates of Hampton Transportation Ventures, Inc., dba Hampton Luxury Liner ("Hampton"), Schoolman Transportation System, Inc., aka Classic Coach ("Schoolman"), and 1600 Locust Avenue Associates, LLC ("Locust") (collectively the "Debtors"), seeking the entry of an Order approving the employment of LH&M as counsel to the Trustee as of May 12, 2016.

1

3. Unless otherwise stated in this affidavit, the facts set forth herein are based upon personal knowledge. To the extent any information disclosed herein requires the subsequent amendment or modification of this affidavit upon LH&M's completion of further review and analysis or as additional party-in-interest information becomes available to it, a supplemental affidavit disclosing such information will be filed with the Court reflecting such amended or modified information.

4. LH&M possesses the requisite experience and expertise to advise the Trustee as his counsel in this case. LH&M has extensive experience representing Chapter 11 and Chapter 7 trustees, and is well versed in the Chapter 11 process.

5. I will be primarily responsible for leading LH&M's representation of the Trustee in this case. I will be assisted by Rachel Stoian, Esq., who possesses the requisite expertise and knowledge necessary to effectively assist the Trustee in the administration of his duties in these cases and has been involved in these cases since the Trustee's proposed appointment by the United States Trustee.

6. To the best of my knowledge, after due inquiry, neither I, LH&M, nor any partner, counsel or associate of LH&M represents any entity or party in interest other than the Trustee in connection with this case.

7. To the best of my knowledge and except as set forth herein, LH&M is not connected with the Debtors, the Debtors' creditors, other parties in interest, the United States Trustee, or any person employed by the Office of the United States Trustee.

8. To the best of my knowledge and except as set forth herein, LH&M does not, by reason of any direct or indirect relationship to or connection with the Debtors or other parties in interest, hold or represent any interest adverse to the Debtors or to the estates.

9. LH&M is a "disinterested person" as that term is defined in § 101(14) of the Bankruptcy Code, in that LH&M: (a) is not a creditor, an equity security holder, or an insider of the Debtors; (b) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtors; and (c) does not have an interest materially adverse to the interests of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

10. In preparing this Affidavit, I used a set of procedures developed by LH&M to ensure compliance with the Bankruptcy Code and the Bankruptcy Rules regarding the retention of professionals by a trustee under the Bankruptcy Code. Pursuant to such procedures, I conducted a search of LH&M's client database to determine whether LH&M had any relationships with the Debtors or their respective affiliates or officers. I also conducted a search to determine whether LH&M represents, or has represented, any insiders of the Debtors.

11. LH&M does not represent, and has not previously represented, any of the foregoing persons or entities in matters related or unrelated to this case. I do not believe that LH&M holds or represents an interest adverse to the Debtors' estates.

12. LH&M regularly updates its client database, and does not open any new matter without reviewing the information necessary to check each such matter for conflicts, including the identity of the prospective client, the matter, and related and adverse parties. LH&M will continue to apply the conflicts and disclosure procedures to this case as additional information concerning entities having a connection with the Debtors is developed and will file appropriate supplemental disclosure with the Court, as necessary.

13. LH&M will file interim and final fee applications for allowance of its compensation and expenses in accordance with Bankruptcy Code §§ 330 and 331, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Eastern District of New York, the Amended Guidelines for Fees and Disbursements for Professionals in the Eastern District of New York and the United States Trustee Fee Guidelines, and shall only be paid after notice and a hearing.

14. LH&M's current hourly rates are as follows: (a) up to one hundred and seventy five dollars ($175.00) for para-professionals;[1] (b) up to four hundred and fifteen dollars ($415.00) for associates; and (c) up to five hundred and ninety-five dollars ($595.00) for partners. Ten business days prior to any increases in LH&M's hourly rates, LH&M shall file a supplemental affidavit with the Court (the "Supplemental Affidavit"). The Supplemental Affidavit shall explain the basis for the requested rate increase in accordance with Bankruptcy Code § 330(a)(3)(F).

15. Neither I, nor LH&M, nor any partner or associate thereof has received or been promised any compensation for legal services rendered or to be rendered in any capacity in connection with this case other than as permitted by the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules for the Eastern District of New York.

---

[1] This is exclusive of clerical and administrative services for which LH&M will not seek compensation.

5

16. LH&M has not agreed to share compensation received in connection with this case with any other person, except as permitted by § 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016 in respect of the sharing of compensation among partners of LH&M.

*s/ Salvatore LaMonica*
Salvatore LaMonica, Esq.

Sworn to before me this
13th day of May 2016

*s/ Melanie A. FitzGerald*
Melanie A. FitzGerald
Notary Public, State of New York
No. 02FI4841188
Qualified in Nassau County
Commission Expires December 31, 2017