UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------x
In re:                                                      Chapter 7

HAMPTON TRANSPORTATION VENTURES, INC.,           Case Nos. 15-73837 (AST)
*dba* HAMPTON LUXURY LINER, SCHOOLMAN                      16-71172 (AST)
TRANSPORTATION SYSTEM, INC., *aka* CLASSIC                16-71189 (AST)
COACH, and 1600 LOCUST AVENUE ASSOCIATES,
LLC,                                                 Substantively Consolidated

                        Debtors.
--------------------------------------------------------------------------x

### ORDER CONFIRMING SALE OF THE REAL PROPERTY LOCATED AT 1600 LOCUST AVENUE, BOHEMIA, NEW YORK AND CERTAIN PERSONAL PROPERTY TO 1600 LRE LLC FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES, WITH SUCH LIENS, CLAIMS, AND ENCUMBRANCES TO <u>ATTACH TO PROCEEDS OF SALE</u>

Upon the motion (the "Motion")[1] [Doc. No. 169] of Allan B. Mendelsohn, the Chapter 7

trustee (the "Trustee") of the estates of Hampton Transportation Ventures, Inc., dba Hampton

Luxury Liner ("HTV"), Schoolman Transportation System, Inc., aka Classic Coach ("STS"), and

1600 Locust Avenue Associates, LLC ("1600 Locust") (collectively the "Debtors"), by his

counsel, LaMonica Herbst & Maniscalco, LLP, seeking entry of an Order, pursuant to section

105(a), 363, and 704 of Title 11 of the United States Code (the "Bankruptcy Code") and Rules

2002, 6004, and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"):

(i) approving the stipulation respecting the sale of real property known as, and located at, 1600

Locust Avenue, Bohemia, New York 11716, Section 171, Block 1, Lot 64 (the "Real Property"),

a copy of which is annexed to the Motion as <u>Exhibit "A"</u>; (ii) approving the agreement of sale

(the "Sale Agreement") between the Trustee and 1600 LRC LLC (the "Purchaser"), a copy of

which is annexed to the Motion as <u>Exhibit "B"</u>, for the sale of the Real Property, and certain

personal property (the "Personal Property" and, together with the Real Property, the "Assets"),

---

[1] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

free and clear of all liens, claims, and encumbrances, with such liens, claims, and encumbrances to attach to the proceeds of sale in the same priority as they existed on the date the Debtors filed for bankruptcy, and subject to higher or better offers; (iii) approving bidding procedures for the Assets (the "Bidding Procedures"); and (iv) granting such other, further, and different relief as this Court deems just and proper; and upon the Affidavit of Service of the Motion; and no opposition to the Motion filed; and upon the record of the hearing held before this Court on June 20, 2017 at 10:30 a.m., the transcript of which is incorporated herein by reference; and

Upon the Order, dated June 29, 2017, (i) approving the Sale Agreement for the sale of the Assets free and clear of all Liens, subject to higher and better offers; and (ii) approving Bidding Procedures (the "Bid Procedures Order") [Doc. No. 185]; and upon the Stipulation and Order Respecting the Sale of the Real Property Located at 1600 Locust Avenue, Bohemia, New York and Providing for Carve Out from Secured Claim, So Ordered on June 29, 2017 (the "Carve Out Stipulation") [Doc. No. 186]; and upon and upon the Notice of Sale filed on June 29, 2017; and upon the Affidavit of Service of the Notice of Sale [Doc. No. 190]; and the Trustee's auctioneer, Maltz Auctions, Inc. d/b/a Maltz Auctions, having conducted the auction sale of the Assets on behalf of the Trustee on Tuesday, July 18, 2017 at 11:00 a.m. at 1600 Locust Avenue, Bohemia, New York 11716 (the "Auction Sale"); and upon no competing bids having been made pursuant to the Bidding Procedures; and upon the affirmation of Salvatore LaMonica in support of entry of this Order [Doc. No. 195]; and upon the record of the hearing held before this Court on July 25, 2017 at 11:30 a.m., the transcript of which is incorporated herein by reference; and after due deliberation and consideration of all of the facts relevant to the matter; and cause existing for the relief requested, and for the reasons stated by the Court at the hearings;

**THE COURT FINDS AND DETERMINES THAT:**

A.        The Court has subject matter jurisdiction over the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (N). Venue in this district is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.        Proper, timely, adequate, and sufficient notice of the Motion and Auction Sale was provided in accordance with Bankruptcy Code §§ 102, 363(b) and (f), and Rules 2002, 4001 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). A reasonable opportunity to object or be heard regarding the relief requested in the Motion was afforded to all interested persons and entities. The Motion and Notice of Sale were duly and properly served on all required persons and entities.

C.        The Trustee conducted a fair and open sale process; the sale process was non-collusive, duly noticed, and provided a full, fair, and reasonable opportunity for any entity to make an offer to purchase the Assets; and the process conducted by the Trustee pursuant to the Bid Procedures Order obtained the highest and best value for the Assets.

D.        The Purchaser was the successful bidder for Assets at the Auction Sale.

E.        The Trustee has demonstrated that the sale of Assets to the Purchaser for $2,750,000 (the "Purchase Price") is a reasonable exercise of the Trustee's business judgment.

F.        Purchaser is making its purchase of the Assets at arms' length and in good faith within the meaning of Bankruptcy Code § 363(m).

**NOW, THEREFORE, IT IS HEREBY**

**ORDERED,** that, pursuant to Bankruptcy Code §§ 363(b), (f), and (m), the Trustee is authorized and empowered to sell and transfer the Assets to the Purchaser (or to a designee of the

Purchaser approved by the Trustee) for the Purchase Price in accordance with the Sale Agreement; and, it is further

**ORDERED,** that, in accordance with the Sale Agreement, the Purchaser is required to pay the balance of the Purchase Price to the Trustee upon the closing of sale which shall take place no later than twenty (20) after entry of this Order; and, it is further

**ORDERED,** that, in accordance with the Sale Agreement, the Assets shall be sold and transferred to the Purchaser "AS IS", "WHERE IS", "WITH ALL FAULTS", without any representations, covenants, guarantees, or warranties of any kind or nature whatsoever, and free and clear of any and all liens, claims, encumbrances, interests, or adverse claims to title, of whatever kind or nature whatsoever (collectively, the "Liens"), with all such Liens attaching to the sale proceeds in the same amount and with the same validity, extent, and priority as they had in the Assets prior to the bankruptcy filings; and, it is further

**ORDERED,** that the Purchaser is a good faith purchaser of the Assets and is hereby granted and is entitled to all of the protections provided to a good faith purchaser under Bankruptcy Code § 363(m); and, it is further

**ORDERED,** that, pursuant to Bankruptcy Code § 363(m), if any or all of the provisions of this Order are hereafter reversed, modified or vacated by a subsequent order of the Bankruptcy Court, or any other court, such reversal, modification, or vacatur shall not affect the validity and enforceability of any sale, transfer, assignment, obligation, or right granted pursuant to the terms of this Order (unless stayed pending appeal), and notwithstanding any reversal, modification, or vacatur, any sale, transfer, or assignment shall be governed in all respects by the original provisions of this Order with the same to attach to the proceeds thereof pursuant to Bankruptcy Code § 363; and, it is further

**ORDERED,** that in the event the Purchaser, or its designee, fails to close on the sale of the Assets in accordance with the Sale Agreement and this Order, then the Trustee is entitled to retain the Purchaser's deposit, in the amount of $275,000.00, in addition to any other remedy allowable under the Sale Agreement and this Order; and, it is further

**ORDERED,** that the Trustee is authorized and empowered to execute such documents, enter into, and to take such actions as are necessary to implement the terms and conditions of this Order and to effectuate the sale of the Assets to the Purchaser, including, without limitation, to pay and satisfy, after the closing, from the proceeds of sale, once the funds have cleared the Trustee's account any costs incidental to the sale, and the normal and customary closing costs, with the remaining proceeds to be held in a separate account by the Trustee; and, it is further

**ORDERED,** that, in accordance with the foregoing decretal paragraph, the Trustee is authorized to make the distributions authorized by the Carve Out Stipulation; and, it is further

**ORDERED,** that the fourteen-day stay provided for in Bankruptcy Rules 6004(h) and 6006(d) shall not be in effect and, pursuant to Bankruptcy Rule 7062, this Order shall be effective and enforceable immediately upon entry; and, it is further

**ORDERED,** that each and every federal, state, and local governmental agency or department is hereby directed to accept any and all documents necessary and appropriate to consummate the sale of the Assets outlined herein, and a copy of this Order may be filed in any place where federal, state, or local law permits filing or recording; and, it is further

**ORDERED,** that, this Court shall retain jurisdiction to: (i) interpret and construe and enforce the provisions of this Order and any ancillary documents in connection therewith; (ii) hear and determine any and all disputes arising under or related to the foregoing; and (iii) enforce the provision of this Order.



**Dated: July 27, 2017**
     **Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**